**Mario Vazquez ALDANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72469.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Lamar Peckham, Esquire, Santa Rosa, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Securi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, San Francisco, CA, Melissa Lynn Neiman–Kelting, Trial, OIL, Mark Christopher Walters, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Mario Vazquez Aldana, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Vazquez Aldana failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

We reject Vazquez Aldana's contention that the IJ's decision is inadequate and unreviewable because the IJ sufficiently articulated his reasons for concluding that Vazquez Aldana failed to establish the requisite hardship.

Vazquez Aldana's contention that the IJ violated due process by failing to consider the effects of his removal on his children cumulatively is unavailing.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The IJ granted voluntary departure for a 57–day period and the BIA streamlined and reduced the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir. 2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." Pursuant to the government's request, we therefore remand for the BIA to reinstate the 57–day voluntary departure period.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**